UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**RAFAEL MELENDEZ,**

      Plaintiff,

v.

**CAROL W. COLVIN, Acting Commissioner of Social Security,**

      Defendant.

Civ. No. 15 -3209 (KM)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Rafael Melendez, brings this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security ("Commissioner) denying his claim for Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income (SSI). His application, filed on December 13, 2011, alleged a period of disability beginning on April 15, 2009. The claimed impairments were liver problems, Arthiritis, depression, hepatitis C, high blood pressure, and suicidal behavior. (Administrative Record, ECF No. 7 ("R __") 18, 182) His applications were denied initially and on reconsideration. (R 109, 118) On September 11, 2013, ALJ Donna Krappa conducted a hearing, at which Melendez was represented by counsel. (R 31) On September 25, 2013, ALJ Krappa issued a written decision finding that Melendez was not disabled under the SSA. (R 12) The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (R 1-9)

On May 7, 2015, Melendez filed this action seeking review of the Commissioner's decision. He asserts (a) that his liver disease is a severe

1

impairment; (b) that the ALJ improperly relied on substance abuse in dismissing his claims of mental impairment; and (c) that his residual functional capacity (RFC) determination was not based on substantial evidence. For the reasons stated herein, I will remand the case, directing a finding of severity at step two regarding hepatitis C, but otherwise leaving the issues open for the ALJ's determination.

### I. Five-Step Process and This Court's Standard of Review

Review necessarily incorporates a determination of whether the ALJ properly followed the five-step process prescribed by regulation. The steps may be briefly summarized as follows:

> **STEP 1:** Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 CFR §§ 404.1520(b), 416.920(b). If not, move to step two.
>
> **STEP 2:** Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.
>
> **STEP 3:** Determine whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 CFR Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits; if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).
>
> **STEP 4:** Determine whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). If not, move to step five.
>
> **STEP 5:** The burden shifts to the SSA to demonstrate that the claimant, considering his or her age, education, work experience, and RFC, is capable of performing jobs that exist in significant numbers in the national economy. 20 CFR §§ 404.1520(g),

416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). If so, benefits will be denied; if not, they will be awarded.

As to all legal issues, my review is plenary.[1] As to factual findings, I will adhere to the ALJ's findings, as long as they are supported by substantial evidence.[2] For disputed findings, I will "determine whether the administrative record contains substantial evidence supporting the findings."[3] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] That is "less than a preponderance of the evidence but more than a mere scintilla."[5]

I may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Secretary's decision, with or without a remand to the Secretary for a rehearing.[6] Outright reversal with an award of benefits is appropriate only when a fully developed administrative record contains substantial evidence indicating that the claimant is disabled and entitled to benefits.[7] Remand is proper if the record is incomplete, or if there is a lack of substantial evidence to support a definitive finding on one or more steps of the five step inquiry.[8] Remand is also proper if the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings.[9] It is also proper to remand where

---

[1]   *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

[2]   *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)).

[3]   *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).

[4]   *Id.*

[5]   *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).

[6]   *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *Bordes v. Commissioner*, 235 F. App'x 853, 865-66 (3d Cir. 2007).

[7]   *Podedworny*, 745 F.2d at 221-222; *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (citing *Podedworny*); *see also Bantleon v. Comm'r of Soc. Sec.*, 2010 U.S. Dist. LEXIS 99537, at *38-39 (D.N.J. 2010).

[8]   *See Podedworny*, 745 F.2d at 221-222.

[9]   *See Burnett v. Commissioner of SSA*, 220 F.3d 112, 119-120 (3d Cir. 2000); *Leech v. Barnhart*, 111 F. App'x 652, 658 (3d Cir. 2004) ("We will not accept the ALJ's

the ALJ's findings are not the product of a complete review which "'explicitly' weigh[s] all relevant, probative and available evidence" in the record.[10]

## II. The ALJ's Decision

ALJ Krappa found that the claimant met the insured status requirements of the SSA through December 31, 2014, and had not engaged in substantial gainful activity since April 15, 2009, the alleged onset date. (R20)

At step two, the ALJ found that Melendez had the following severe impairments: affective disorders and a history of substance abuse (heroin and alcohol). She reasoned that these impairments, alone and together, significantly limited the claimant's mental and physical abilities to perform basic work activities, and had been at a severe level for more than 12 months.

She accepted that the claimant had hepatitis C, but noted that his ongoing treatment consisted only of periodic blood work, and that the claimant had not seen a physician for more than a year and was not currently taking any physical health medication, but only mental health medications. (R 21)

The ALJ found no objective medical evidence of a shoulder disorder. Physical testing had most recently been normal, with no tenderness or deformity of the shoulder. Arthritis of the hands, though present, did not manifest itself in swelling, and grip was normal.

Having screened out all physical impairments at step two, the ALJ considered only mental impairments in the subsequent steps. At step three, for example, the ALJ concluded that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.09." (R. 21)

## III. Liver Disease

Melendez argues that, at step two, his Hepatitis C should have been found to be a severe impairment. While the step two inquiry is not overly

---

conclusion that Leech was not disabled during the relevant period, where his decision contains significant contradictions and is therefore unreliable.").

[10] *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994).

rigorous—it is a means of screening clearly insufficient claims—it does require evidence of a "severe medically determinable impairment." *See Boone v. Barnhart,* 353 F.3d 203, 205 n.4 (3d Cir. 2003).

Dealing with a diagnosis of hepatitis C in a prior case, I summarized the law thus:

> [The claimant] cites the policy statement to SSR 96-3p, bearing on the step two "severity" analysis, which states:
>
>> If the adjudicator finds that such symptoms cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe.
>
> SSR 96-3p. In *McCrea v. Comm'r of Soc. Sec.*, the United States Court of Appeals for the Third Circuit noted that the step two severity analysis is not an "exacting one":
>
>> [A]n applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.' SSR 85–28, 1985 WL 56856, at *3 . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant. *Newell [v. Comm'r of Soc. Sec.]*, 347 F.3d at 546–47. In short, '[t]he step-two inquiry is a de minimis screening device to dispose of groundless claims.' *Id.* at 546 (internal citations omitted).
>
> *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).
>
> [The claimant] states that the evidence showed that his symptoms caused more than a minimal effect on basic work activities. AR, Docket No. 7-6 at 152. He concludes that "the ALJ's termination of the sequential evaluation at step two between December of 2007 and May 1, 2010 is illegal because the claimant's Hepatitis C represented more than a *de minimis* impairment imposing only light work related restrictions." AR, Docket No. 7-6 at 154.
>
> [The claimant] was diagnosed with a Hepatitis C infection prior to May 1, 2010. That diagnosis, however, without evidence of severe impairment, is not dispositive. "[T]he presence of a disease does not establish disability within the Act." *Capoferri v. Harris,* 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd,* 649 F.2d 858 (3d Cir.

5

> 1981). *Accord Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995), *aff'd sub nom. Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996). The applicant must also show that the impairment has significantly limited his ability to perform work functions.
>
>> It is true that step two of the sequential analysis serves a preliminary screening or gate-keeping function. That does not imply, however, a different or separate standard of review of step two determinations. *McCrea*, 370 F.3d at 360. A Commissioner's denial at step two, like other steps of the analysis, "is to be upheld if supported by substantial evidence on the record as a whole." *Id.* at 360–61.

*Taliaferro v. Comm'r of Soc. Sec.*, Civ. No. 12- 6087, 2013 WL 5354242, at *5 (D.N.J. Sept. 24, 2013).

Given the low threshold of step two, and the Third Circuit's directive that doubts be resolved in favor of the claimant, I am persuaded that this matter should be remanded for a second look. Mr. Melendez was diagnosed with hepatitis C and had undergone interferon-based therapy. On at least one occasion, he discontinued that therapy because he could not bear the side effects.

The ALJ's opinion discounts the severity of Melendez's physical impairments, in part because he currently takes no physical health medication. (R. 20–21) Elsewhere, however, the opinion states that Melendez reports that "he gets tired from the medication he takes for his liver" (R. 23) and that "[h]e is getting interferon treatment .... [and] is having the same side effects now." (R. 24)

I reject the government's argument that any step two error was "harmless," because the ALJ went on to analyze the subsequent steps. Physical impairments were effectively screened out of the analysis at step two. As a result, the potential effect of the physical impairments, alone or in combination with each other and the mental impairments, was not analyzed at step three or subsequently. Indeed, the ALJ confined herself to mental impairments, finding no substantial physical impairment at all: *i.e.*, that "the claimant is capable of the *exertional demands* of work at all exertional levels as defined under the Regulations." (R. 22–23)

6

## IV. Conclusion and Instructions on Remand

For the foregoing reasons, the ALJ's decision is remanded for further proceedings consistent with the foregoing Opinion. I will direct a finding of severity at step two, but otherwise the ALJ is free to exercise her discretion and judgment. The state of the claimant's hepatitis C, and whether he is or has been on a program of medication, as to which the Opinion is ambiguous, should be clarified. The ALJ should look at the claimant's physical and mental condition afresh, and should reconsider the effect of hepatitis C, alone and in combination with other physical and mental impairments.

I do not reach the remaining issues raised by the claimant, which may be interdependent with, or mooted by, the issue that is the basis of the remand. To be clear, I do not state or imply that the ultimate conclusion must be one of disability.

Dated: September 8, 2016

_____
**Hon. Kevin McNulty
United States District Judge**